# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 10-41350
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MONTE LEE ARMSTRONG, also known as Monte Armstrong,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-648-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Monte Lee Armstrong appeals his jury trial conviction on one count of possession with intent to distribute more than 1,000 kilograms of marijuana. He claims that he was denied due process of law because the Government bolstered its case during its opening statement. Armstrong contends that his conviction must be reversed because the cumulative effect of the Government's errors so tainted the jury that he could not receive a fair trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41350

As Armstrong concedes, he failed to object during the Government's opening statement. Thus, review is for plain error. *See United States v. Rice*, 607 F.3d 133, 138 (5th Cir. 2010). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009). When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation and citation omitted).

"The government's attempt to bolster a witness by vouching for his credibility constitutes error when the prosecutor's statements 'might reasonably have led the jury to believe that the prosecutor possessed extrinsic evidence, not presented to the jury, that convinced the prosecutor of the defendant's guilt.'" *United States v. Binker*, 795 F.2d 1218, 1223 (5th Cir. 1986) (citation omitted). "[F]or bolstering to constitute plain error, the prosecutor must intertwine 'his personal and official credibility with the credibility of the witnesses.'" *United States v. Davis*, 831 F.2d 63, 67 (5th Cir. 1987) (citation omitted).

The purpose of an opening statement is to present what the evidence would show. *United States v. Garza-Vasquez*, 1994 WL 35615, *5 (5th Cir. Jan. 27, 1994) (unpublished). Here, the Government's opening statement merely provided an overview of the case and the evidence it expected to present. Armstrong has not demonstrated plain error.

AFFIRMED.